IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE WATSON, | ) | |
| Movant, | ) | No. 3:16-CV-810-K |
| vs. | ) | No. 3:13-CR-295-K(22) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Tyrone Watson's (Movant) motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the following reasons, the Court denies the motion.

**I. BACKGROUND**

Watson was charged by superseding information with conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 846. (Doc. 502.) (Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-295-K(22).) He pleaded guilty. The presentence report (PSR) used the 2013 United States Sentencing Guidelines (USSG). (Doc. 698-1 at 9, ¶ 31.) The base offense level was 32. (*Id.*, ¶ 32.) Watson was involved in a jointly undertaken criminal activity with two others who possessed a firearm in the stash house where marijuana was stored. Because a dangerous weapon was possessed, two offense levels were added under USSG § 3E1.1(a). (*Id.*, ¶ 33.) Three levels were deducted for acceptance of

responsibility, and the total offense level was 31. (*Id*. at 9-10, ¶¶ 39-41.) With the offense level of 31 and a criminal history category of three, the resulting guideline range was 135-168 months' imprisonment. (*Id*. at 17, ¶ 83.) Watson was sentenced to 60 months' imprisonment. (Doc. 871 at 2.) He did not appeal.

Watson submitted an undated letter to the Court, post-marked on March 7, 2016, and received on March 11, 2016. (3:16-CV-810-K, doc. 1.) It was construed as a § 2255 motion, and Watson filed an amended § 2255 motion. (*Id*., doc. 4.)

Watson raises the following grounds:

(1) Counsel was ineffective for advising him to sign a plea agreement that resulted in a two-point guideline enhancement and for assuring him that he would be eligible increase; telling him that he would be eligible for a sentence reduction under the Bureau of Prison's Residential Drug Abuse Program (RDAP), which made his plea involuntary; and failing to object to the enhancement.

(2) The Court misapplied the two-point enhancement.

(*Id*., doc. 4 at 7.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting

2

*United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the

3

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), the judgment was entered on October 20, 2014, and it became final on November 13, 2014, when the time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing for 14-day period to appeal from judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of time to file an appeal). Watson does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2).

Watson contends that he was assured by counsel that nothing precluded him from obtaining early release under RDAP. He states that he is in RDAP, but he is not eligible for a sentence reduction. On July 28, 2015, the Bureau of Prisons (BOP) found that he was not eligible for early release because of the enhancement for possession of a weapon. (3:16-CV-810-K, doc. 4 at 11-12.) Watson asserts that he did not raise his claims previously, because his attorney assured him that nothing precluded him from obtaining

4

early release under RDAP.  (*Id.*, doc. 4 at 8.)  The facts supporting the claim could have been discovered when the two-point enhancement was applied at sentencing.  Existing law at that time excluded drug traffickers from RDAP based on the two-point enhancement for possession of a firearm.  *See Lopez v. Davis*, 531 U.S. 230, 233-44 (2001) (upholding the BOP rule excluding such prisoners from RDAP).  The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

Because the latest of the dates under § 2255(f) is the date that Watson's conviction became final, he had until November 13, 2015, to file his § 2255 motion.  He did not file his § 2255 motion until March 7, 2016, at the earliest, when it was postmarked.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  It is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting

5

*Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Watson has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. A claim of ineffective assistance of counsel during the guilty plea proceeding does not warrant equitable tolling. *See Jacobs v. Thaler*, No. H-10-4973, 2011 WL 1157567 at *3 (S.D. Tex. Mar. 23, 2011). Additionally, Watson was informed that he was ineligible for early release under RDAP on July 28, 2015, but he did not file his § 2255 motion until March 2016. He has not shown that he was diligent. His § 2255 motion is untimely.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362,

7

393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice").  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).  A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

8

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Watson contends that counsel assured him that all firearms charges were dropped from the case and that nothing precluded him from obtaining a sentence reduction under 18 U.S.C. § 3621(e) for participating in RDAP. He asserts that, but for counsel's erroneous advice, he would not have pleaded guilty.

The factual resume stated that it was not intended to be a complete accounting of all the facts that occurred during the conspiracy. (Doc. 505 at 3.) Watson admitted in the plea agreement that he understood the charge against him. He had reviewed the plea agreement with counsel, and he understood everything in it, including the range of punishment. He and counsel fully discussed the case, his guilty plea, and application of the sentencing guidelines. He acknowledged in the plea agreement that the Court would determine the sentence and the application of the advisory sentencing guidelines, that the guidelines were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. He stated in the

9

plea agreement that his guilty plea was not the result of promises apart from those set forth in the plea agreement. He stated in the plea agreement that there had been no guarantees or promises from anyone as to the sentence the Court would impose. He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty, and he admitted that he committed the offense. (Doc. 506.) When Watson pleaded guilty, the Court cautioned and examined him under oath about each of the subjects in Rule 11 of the Federal Rules of Criminal Procedure and determined that the plea was voluntary. (Doc. 535.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of regularity and the great evidentiary weight given to court records. *See Blackledge*, 431 U.S. at 73-74. As

10

discussed, the plea documents, including his statements that no one promised him any benefit other than what was set out in the plea agreement and that no one guaranteed or promised what the sentence would be, contradict his claim that his plea was involuntary because counsel promised that he would be eligible for a sentence reduction or early release under RDAP. *See id*. Watson has not provided any support for his claim regarding counsel's advice about RDAP. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Watson has not shown that his plea was involuntary based on ineffective assistance of counsel.

Watson also contends that counsel should have objected to the sentence enhancement for the firearm, because the superseding information did not included any firearms charge. A defendant is responsible for all relevant conduct in a conspiracy, which includes "all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity," even if charges for that conduct have been dismissed. *See United States v. Espinoza*, 697 F. App'x 306 (5th Cir. 2017); *United States v. Lopez*, 582 F. App'x 438, 450 (5th Cir. 2014). Watson has not shown that his co-conspirators' possession of a firearm was not relevant conduct. He has not shown that there was a basis for objecting. He has not shown that he received ineffective assistance

of counsel.

## IV. SENTENCE ENHANCEMENT

Watson contends that the two-point enhancement for a firearm was erroneous. He waived his right to bring this claim. In the plea agreement, he waived his right to appeal and to contest the conviction and sentence in any collateral proceeding, including a § 2255 proceeding, except that he reserved the right (1) to bring a direct appeal of a sentence exceeding the statutory maximum sentence or an arithmetic error at sentencing, (2) to challenge the voluntariness of the guilty plea or the appellate waiver, and (3) to bring a claim of ineffective assistance of counsel. (Doc. 506 at 6.)

Also, a misapplication of a sentencing guideline is not cognizable in a § 2255 motion, because it is not constitutional error and it is alleged error that could have been raised on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Watson is not entitled to relief on this claim.

## V. CONCLUSION

For the foregoing reasons, the § 2255 motion is DENIED with prejudice.

IT IS SO ORDERED.

Signed this 5th day of March, 2019.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE